**Helen Maciaszek, Plaintiff-Appellant, v. Mary Maciaszek, Defendant-Appellee.**

**Gen. No. 49,046.**

First District, Second Division.

October 1, 1963.

Walter F. Kerrigan, of Chicago, for appellant.

Richard F. Moone and Harry Shriman, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff and defendant are sisters. Plaintiff, as a joint tenant, filed a complaint for partition of real estate and for an accounting. In a counterclaim, defendant sought to nullify the deed under which plaintiff became a joint tenant. Other pleadings sought to establish a resulting trust in favor of the heirs of the mother of these sisters. The Chancellor, approving the report of a Master in Chancery, entered a decree dismissing the complaint and declaring the deed void. The Supreme Court, on an appeal by plaintiff, reversed the decree and remanded the cause with instructions to dismiss the counterclaim and to enter a decree for partition.

A decree of partition was entered and the cause was referred to a Master in Chancery to take an accounting of the rents, issues and profits of the real estate and to determine whether plaintiff is entitled to attorney's fees. The property was sold to defendant for $8,000. The Chancellor entered a decree awarding plaintiff her costs on appeal and $325 for rent. Plaintiff appeals from the part of the decree finding that she is not entitled to any part of the funds in a joint bank account and that the only costs that may be allowed are the items set forth in the bill of costs of the Supreme Court. Defendant's cross-appeal raises the issue as to whether, as a matter of law, the Chancellor erred in taxing plaintiff's attorney's fees as part of the taxable costs.

██ Plaintiff urges that the Chancellor erred in denying her an accounting of the joint bank account. We are of the opinion that the record supports the action of the Chancellor in refusing to allow plaintiff any part of the joint bank account. Plaintiff says that the Chancellor should have allowed her all the necessary costs of appeal. We are of the opinion that

the Chancellor was right in allowing her the amount of $256 included in the bill of costs issued by the Clerk of the Supreme Court.

■ The defendant maintains that the court erred in deciding that plaintiff was entitled to recover attorney's fees as part of her taxable costs in the partition proceedings. The defendant is not contesting the reasonableness of the allowance. Defendant relies upon the provisions of Sec 25 of the Partition Act (Ill Rev Stats 1961, c 106, § 68), that the court shall apportion the costs and a reasonable fee for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendant "shall interpose a good and substantial defense to the complaint." In Harrison v. Kamp, 403 Ill 542, 87 NE2d 631, the court said, p 548: "The partition action was both bitterly and hotly contested throughout the course of the litigation. It cannot be said that the defenses made by cross defendants in the circuit court, although not sustained, were not good and substantial, within the contemplation of Section 40 of the Partition Act. This being so, these defenses operated as an absolute bar to the apportionment of solicitors' fees." In Adams v. Adams, 398 Ill 581, 76 NE2d 495, the court said, p 590: "It appears to us that where a party to a partition suit denies title in the other party, and claims title in herself, and prosecutes the suit to this court, a defense is made in good faith, and the facts show that her defense was substantial, although not sustained by us. The court erred in allowing solicitor's fees for services to plaintiff in the partition suit." In the original proceeding the position of the defendant was sustained by the Master and the Chancellor. In addition to the suit for partition plaintiff participated in a move, in the alternative, to establish a resulting trust in favor of all the heirs of the mother. This was part of the issues raised in the original suit. The

407

original suit therefore included substantial issues distinct from the Partition proceeding. The record establishes that the defendant was justified in contesting the Partition action. As in the Adams case the defendant interposed a substantial defense although it was not sustained by the Supreme Court. In our opinion plaintiff was not entitled to an allowance of attorney's fees.

The decree is amended by eliminating the provision allowing plaintiff attorney's fees as part of the taxable costs and as amended it is affirmed.

Decree amended and affirmed as amended.

FRIEND and BRYANT, JJ., concur.