CHARLES W. LANE, Plaintiff-Appellee, *v.* JUANITA BUDISELICH *et al.,* Defendants—(CLARA LANE, Defendant-Appellant.)

(No. 12099;

Fourth District—March 14, 1974.

Davis & Davis, of Bloomington, for appellant.

Lamkin and Lamkin, of Clinton, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Clara Lane, defendant below, appeals from that portion of an order of distribution and assessment of costs in a partition proceedings that denied the fees of her attorney as part of the apportioned costs and allowed the fees of the plaintiff's attorney to be assessed and apportioned among the parties in accordance with their interests. She challenges the fees allowed plaintiff's attorney as to amount. We affirm.

Plaintiff's original complaint sought partition of six tracts of land in DeWitt and McLean counties originally owned, in varying interest, by two brothers—Harold and Charles Lane. Clara Lane as the named defendant filed a moton to strike the complaint and a motion to dismiss an amended complaint essentially upon the grounds that the complaint was multifarious.

Thereafter, an amended complaint relating to four tracts of land was filed. In such amended complaint there is no change in the legal description of the tracts nor in the allegations as to the interests of the parties to those four tracts. Indeed, the answer of Clara Lane admitted the interests as set forth in the complaint as amended but alleged a certain lien upon land passing under the will of Harold Lane for the payment of $100 monthly to one Harrison Lane. Since such lien related to some of the land sought to be partitioned, as well as to other land, she asserted that it would be impossible to determine the value of the lien as against the subject property and that a partition sale would do manifest injustice.

Thereafter, other proceedings relating to the appointment of a receiver, an accounting, a quiet title issue, as well as an issue as to the validity of certain leases executed by or with certain tenants subsequent to the

partition suit, were necessarily involved in the partition proceeding. Ultimately, however, partition was decreed, commissioners appointed, and the land was sold for just under $600,000 and distribution was ordered.

A stipulation disposed of the monthly payment to Harrison Lane.

Illinois Revised Statutes 1971, chapter 106, paragraph 68, provides as follows:

> "Apportionment of costs.] § 25. In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the suit, including the necessary expense of procuring such evidence of title to the real estate as is usual and customary for making sales of real estate, and a reasonable fee for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some of them, shall interpose a good and substantial defense to the complaint. In such case the party or parties making such substantial defense shall recover their costs against the plaintiff according to equity."

Clara Lane contends that plaintiff's attorney fees should not be apportioned because the rights and interests of the parties were not properly set forth in the complaint and that she set forth a good and substantial defense. Initially, we observe that only the latter issue was urged in her answer to plaintiff's petition for distribution and costs and expenses as well as attorney fees.

The statutory authorization to include a reasonable fee for the plaintiffs' attorney as part of the cost and to apportion such equitably among the parties in interest is premised upon the fact that the attorney acts for all interested parties. (*Stunz v. Stunz*, 131 Ill. 210, 23 N.E. 407.) In this case the complaint set forth the interests of the respective parties and the subsequent amendment to the complaint was in fact not relevant to the issue of substantial compliance with reference to the statute relating to partition. It seems thus that the observation of the court in *Dunshee v. Dunshee*, 179 Ill.App. 290, that although it may be prudent where the personal relations of the parties are unfriendly for the defendant to employ counsel, such does not justify a court in refusing to apportion the attorney fees for plaintiff's attorney. Where, as here, the complainant fairly and honestly represents the interests of all the parties sought to be partitioned and the interests are properly set forth, there is no necessity for defendant employing counsel, although she may elect to do so and counsel would watch the proceedings as it is not a hardship on the defendant under certain circumstances to pay her own counsel. The existence of personal animosity or other differences as between the

parties and difficulties with reference to the appointment of a receiver or an accounting or other collateral issues does not translate to an adversary proceeding. See also *Schwartz v. Schwartz*, 346 Ill.App. 420, 105 N.E.2d 147.

We find no merit in the defendant's contention that the trial court should not have apportioned the attorney's fees as part of the cost by reason of the fact that she interposed a good and substantial defense to the complaint. She did not assert that the existence of a life estate precluded partition and upon the facts as they exist here, the case of *Hayden v. McNamee*, 392 Ill. 99, 63 N.E.2d 876, is dispositive of that issue.

The assertion by defendant in her motion that the complaint was multifarious does not constitute a good and substantial defense but rather the assertion of a technical defect at most. The cases cited by the appellant—*Harrison v. Kamp*, 403 Ill. 542, 87 N.E.2d 631; *Metheny v. Bohn*, 164 Ill. 495, 45 N.E. 1011; *Dunshee v. Dunshee*; *Jackson v. O'Connell*, 46 Ill.App.2d 49, 196 N.E.2d 714—are readily distinguishable from the multifarious issue presented here. In each of the cited cases genuine issues as to the nature and extent of the interests of the parties in the partition were tendered.

■■ Finally, upon the issue that the attorney's fees allowed are excessive, we find no merit in the appellant's contention nor do we deem it necessary to recite in detail the nature and extent of the professional services rendered. The fixing of attorney fees and the allowance of those fees as apportioned costs are largely matters resting in the discretion of the trial court. We find no abuse of discretion nor any basis for finding that the order of the trial court was contrary to the manifest weight of the evidence. Accordingly, upon this issue, pursuant to Supreme Court Rule 23, we find no error of law appears and an extended opinion thereon would have no precedential value. The judgment of the circuit court of DeWitt County is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.