EVERETT M. BAILEY, JR., *et al.*, Petitioners-Appellants, *v.* THE STATE BANK OF ARTHUR *et al.*, Respondents-Appellees.

Fourth District   No. 4—83—0422

Opinion filed December 30, 1983.

John P. Ewart, of Craig & Craig, of Mattoon, for appellants.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Darrell A. Woolums and Gary E. Campbell, of counsel), for appellees Leta Jane Shelton, Lee H. Bailey, and Rita June Bailey.

Hurt & Brinkoetter, of Decatur (Albert E. Hurt, of counsel), for appellee The State Bank of Arthur.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
Will contest.
Undue influence.
Lack of testamentary capacity.
Procedural questions only are presented.
Affirm and reverse in part, and remand.

## PLEADINGS

Petitioners initiated this suit by filing a petition to contest the will of Billie D. Bailey, alleging unsound mind and memory and undue influence. A motion to dismiss was heard and allowed with leave granted to petitioners to file an amended petition. A memorandum reflecting this decision was filed December 14, 1982, and the written order was filed January 12, 1983, requiring an amended complaint to be filed on or before January 14. Petitioners filed a first amended petition containing two counts on January 20. Count I centered around a cause of action for lack of testamentary capacity, alleging an "impaired mind and memory." Count II centered around a cause of action for undue influence, alleging that decedent's mother had urged him to make the will.

Respondents filed motions to dismiss the first amended petition and they were heard on April 20. On May 13, the trial court filed a memorandum opinion ruling that the motions were allowed, the order was final, there was no just reason to delay an appeal, and called upon the respondents' attorney to prepare and submit a proposed order. On May 17, petitioners filed a motion asking leave to file a second amended petition and a notice of hearing on same for June 1. Prior to the hearing, petitioners filed a tender of a proposed second amended petition and a notice of hearing on same for June 1. This document contained one count only revolving around a claim that decedent lacked testamentary capacity, which alleged the bulk of the previous grounds but also added allegations of lifelong mental retardation as well as claims of delusions and hallucinations on the date of the alleged execution of the will. Respondents filed motions to strike petitioners' motion for leave to file a second amended petition and a notice of hearing on said motions for June 1 also. In these motions, respondents asserted that the first memorandum opinion was a final order and that therefore petitioners have no right to file a second amended petition. Petitioners filed a response to this document as-

serting that the memorandum opinion was not a final order and therefore they did have a right to seek leave to file a second amended petition.

On June 1, all pending matters were heard and the trial judge made rulings and entered orders as follows: (1) Respondents' motion to strike petitioners' motion to file a second amended petition was allowed; (2) respondents' motions to dismiss the first amended petition were allowed, with a special finding that there was no just reason to delay appeal pursuant to Supreme Court Rule 304 (87 Ill. 2d R. 304). Although the written order does not indicate the reasons for denying leave to file a second amended complaint, the record of the hearing reveals the trial court's view that the memorandum opinion was tantamount to a final order. The court apparently denied leave to file the second amended complaint based on the operation of section 2—616(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—616(a)) which indicates that amendments to pleadings are to be allowed prior to final judgment.

We are called upon to decide two matters. *First*, whether the allegations of the first amended petition were sufficient to support the proposed will contest. If none of the allegations were sufficient, the trial court properly dismissed the amended complaint. The *second* matter before us is the effect of the trial court's memorandum opinion which called for a written order to follow. If this is viewed as a final order, petitioners were apparently precluded from attempting to amend the petition a second time and the decision of the trial court refusing leave to amend was manifestly correct. We turn now to these two issues, noting that petitioners' notice of appeal does not raise the court's dismissal with leave to amend the petitioners' first complaint, thereby waiving that issue.

### UNDUE INFLUENCE

■ In their briefs to this court, petitioners primarily set out cases delineating the elements required to prove allegations of undue influence and indicate that based on the liberal construction of pleadings generally adhered to in Illinois, the petition adequately set forth the elements of a cause of action to void Billie Bailey's will. Respondents respond that courts in Illinois require petitioners urging undue influence in will contests to set forth their specific statements of facts in their petitions. The cases of *Sterling v. Kramer* (1957), 15 Ill. App. 2d 230, 145 N.E.2d 757, and *Heavner v. Heavner* (1930), 342 Ill. 321, 174 N.E. 413, support respondents' positions. The following language of the *Sterling* case indicates that the complaint in the instant case was

inadequate to state cause of action for undue influence in a will contest:

> "An analysis of [the Illinois] cases indicates the general rule in Illinois to be that the pleading of undue influence in a will contest must contain a specific recital of the manner in which the free will of the testator was impaired at the time the instrument was executed. A mere conclusion that the testator was influenced by the persuasive or dominant nature of one of the beneficiaries is not sufficient." (15 Ill. App. 2d 230, 234, 145 N.E.2d 757, 759.)

The first amended petition, in count II, alleges the following:

> "8. That on December 18, 1943, and immediately prior thereto, the mind and memory of Billie D. Bailey was impaired. Immediately prior to the execution of said purported last will and testament, Leta D. Bailey, the mother of said Billie D. Bailey, traveled to Camp Wolters, Texas, and met with Billie D. Bailey and suggested and requested that he make said purported last will and testament. By virtue of the mental impairment of Billie D. Bailey and the inducement of Leta D. Bailey for Billie D. Bailey to make said purported last will and testament, Billie D. Bailey was caused to make a disposition of his property that was not his free and voluntary act."

The allegations concerning undue influence were dropped from the second amended petition. As we view the *Sterling* case, the allegations here were not sufficient to state a cause of action to set aside a will based on undue influence. As such, the trial court ruled properly in dismissing this count of the complaint.

### LACK OF TESTAMENTARY CAPACITY

In dealing with the count alleging lack of testamentary capacity, petitioners again set out cases delineating the elements of this ground for contesting a will and cite to us cases referring to the principle of the liberal construction of pleadings. Respondents agree that petitioners have properly recited the elements of lack of capacity but urge that since there is a dearth of cases dealing with the adequacy of pleadings required to state a cause of action for lack of testamentary capacity, we should adopt the *Sterling* case as a proper case to which to analogize in concluding that the allegations here were insufficient to state a cause of action to overturn a will based on the testator's lack of capacity. However, a case developed by our research adequately details the pleadings necessary to state a cause of action for lack of testamentary capacity. In *American Bible Society v. Price*

(1886), 115 Ill. 623, 635-36, 5 N.E. 126, the court said:

"The bill, it has been seen, charges that the testator had become, and was at the time of the making of the will, of unsound mind and memory, thus, in effect, simply putting in issue his testamentary capacity, which, by our statute, is defined to be that of being of a prescribed age, and 'of sound mind and memory.' The only material question, manifestly, under this allegation, was whether the writing produced was the product of an unsound mind and memory. The specific name applied to describe that unsoundness, the means whereby the unsoundness was caused, or how it came about that the unsound mind and memory caused this writing to be drawn and signed, were matters of evidence that need not be alleged, and, if alleged, need not be proved. In any view, if allegations in these respects misled the proponents of the will, they should, when evidence of unsoundness of mind not alleged was offered, have made that specific objection, so that the court could, if necessary, have allowed the requisite amendments, and have given such extensions of time as were necessary to allow all parties ample opportunity to meet the issues."

This view is echoed by the supreme court in the case of *Anlicker v. Brethorst* (1928), 329 Ill. 11, 160 N.E. 197, the court stating that it was not necessary for a bill to name specifically the particular kind of unsoundness of mind nor the cause of mental unsoundness, since these are matters of evidence and need not be alleged.

Based on *American Bible Society* and *Anlicker*, the first amended complaint in this case stated a cause of action for a will contest based on lack of testamentary capacity but did not state a cause of action grounded in undue influence. We hold therefore that the lower court properly dismissed count II of the petition based on insufficient allegations to support a claim of undue influence but erred in dismissing count I which contains sufficient allegations to support a will contest based on lack of testamentary capacity.

Our inquiry is not ended at this point, however. Respondents have raised an additional argument based on *waiver* and *inability to amend*. Respondents argue that petitioners have worked themselves into a procedural cul-de-sac. They first urge that petitioners cannot complain about the ruling dismissing the first amended complaint because any complaints such as this were waived by filing a second amended complaint. They then argue that the petitioners cannot complain about the ruling on the motion for leave to file a second amended complaint because the memorandum opinion of the trial

court was a final order which precluded all attempts at amendment.

## WAIVER

In *Villareal v. Trevino* (1961), 30 Ill. App. 2d 77, 173 N.E.2d 582, the court was faced with an action wherein plaintiff Villareal as administratrix *filed* a second amended complaint seeking damages based on a violation of the Dramshop Act. Plaintiff's first complaint had been dismissed by the trial court. The court noted that instead of standing on the complaint, allowing the court to enter judgment against her and then appealing (which the court noted was the proper way in which such a complaint should be tested), the plaintiff instead obtained leave and—in due course— filed an amended complaint. The court stated that a plaintiff waives his objection to an order sustaining a motion to strike a complaint when he abandons his complaint and files an amended complaint. Under these circumstances, the original complaint ceases to have any importance in the record so far as the validity of the action is concerned. This view is restated in the second case cited by respondents here. In *Henkhaus v. Barton* (1977), 56 Ill. App. 3d 767, 769, 371 N.E.2d 1166, 1168, the court stated that "[b]y the filing of the second amended complaint plaintiffs have waived the right to attack the dismissal of the earlier filed complaints."

■ In light of these cases and those relied upon therein, it seems clear that the law in the State of Illinois is that the filing of a second amended complaint waives any complaints about dismissals of preceding complaints. In the instant case, however, no second complaint was ever filed. Rather, the trial court denied leave to file a second amended complaint.

■ This takes the case much closer to the procedural circumstances in *Erickson v. Walsh* (1973), 11 Ill. App. 3d 99, 296 N.E.2d 36. In *Erickson,* plaintiff sought to file an original amended complaint but the trial court denied leave. Plaintiff then made an oral motion for leave to file a proposed two-count second amended complaint, which request was also denied. Plaintiff urged that the trial court erred in denying the request to file successive complaints. On appeal, the court noted that by asking leave to file a second amended complaint, upon the trial court's denial of leave to file the first amended complaint, the plaintiff had abandoned the first amended complaint and thus waived any contentions of error concerning the court's ruling thereon. Since the plaintiff in *Erickson* had waived complaints concerning the first complaint, the court went on to examine the proffered second amended complaint and found that based on "the nature

of the pleadings presented," the trial court had properly denied leave to file since the second amended complaint's averred cause of action was in comparative negligence, a concept not recognized at the time in Illinois. (11 Ill. App. 3d 99, 104, 296 N.E.2d 36, 39.) We find that the negative inference arising from this reasoning is that had the second cause of action been recognized in Illinois, it would have been error for the trial court to deny leave to file. Under this view, since the second amended complaint before us sufficiently stated a single cause of action for a will contest based on lack of testamentary capacity, it was error for the trial court to deny leave to file the second amended complaint.

### AMENDMENT

It is at this point that respondents' preclusion from amendment argument is thrown into the mix and must be met.

Respondents urge that the substance of the trial court's first memorandum opinion was such that it must be construed as a final order. If it is so construed, section 2—616(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—616(a)) apparently precludes the amendment of pleadings after a final order is entered. This would make the trial court's decision unassailable in respondents' view.

They rely on *West v. West* (1979), 76 Ill. 2d 226, 390 N.E.2d 880, in support of their argument that the original memorandum opinion was a final order despite the fact that it calls for a written order to follow, and that no written order was entered until after the court denied the petitioners' motion for leave to file a second amended complaint. In *West*, the court determined that a judgment could not be affected by the passage of a statute during the period of time between the pronouncement of the judgment and the entry of the written order reflecting it. *West* does not speak to the issue of amended complaints. *West* specifically states that it does not decide whether the plaintiff could have perfected an appeal based on the memorandum opinion had it not been finalized in a written order.

In all likelihood, had petitioners here sought to appeal the dismissal of their claim prior to the entry of the written order dismissing their cause, the appeal would have been dismissed as premature. See *Grisson v. Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55, 296 N.E.2d 624.

█ █ *Ergo*, we hold that for the purpose of amending a complaint, no final order precluding amendment of the pleadings is entered in the case until the written order directed by the trial judge's

memorandum opinion is actually entered. In the case before this court, no final order was entered, and hence section 216 of the Code of Civil Procedure did not bar amendment of the pleadings. Therefore, the circuit court was not precluded from considering petitioners' second amended complaint by virtue of the finality of his memorandum opinion.

We reverse and remand for consideration of petitioners' second amended complaint in light of this opinion.

Affirmed in part, reversed in part, and remanded with directions.

TRAPP and GREEN, JJ., concur.