ALICE M. BAILEY *et al.*, Co-Ex'rs of the Estate of Everett M. Bailey, Sr., Deceased, *et al.*, Plaintiffs-Appellees, v. RITA JUNE BAILEY *et al.*, Defendants-Appellants (The Town of Lovington *et al.*, Defendants).—ALICE M. BAILEY *et al.*, Co-Ex'rs of the Estate of Everett M. Bailey, Sr., Deceased, *et al.*, Plaintiffs-Appellees, v. RITA JUNE BAILEY *et al.*, Defendants-Appellants (The Town of Lovington *et al.*, Defendants).

Fourth District   Nos. 4—86—0315, 4—86—0316 cons.

Opinion filed December 9, 1986.

Gary E. Campbell, of Samuels, Miller, Schroeder, Jackson & Sly, and Albert E. Hurt, both of Decatur, for appellants.

John P. Ewart and Robert G. Grierson, both of Craig & Craig, of Mattoon, and Steven K. Wood, of Wood & Flannell, of Sullivan, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is a consolidated appeal contesting the propriety of the trial court's order apportioning attorney fees and expenses pursuant to section 17—125 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 17—125) in two separate partition actions. Initially, the individual plaintiffs and defendants were brothers, sisters, and the representative of a deceased brother's estate. During the course of the litigation, several parties died and their representatives were substituted and continued the actions. Defendants argue that the trial court erred in awarding attorney fees because plaintiffs' partition complaints did not properly set forth the parties' interests in the properties subject to partition, plaintiffs' attorneys were not fair and impartial to all, defendants interposed substantial defenses to the partition actions, and collateral matters were involved in the partition actions.

We reverse the award of attorney fees in cause No. 4—86—0315, affirm the award of expenses, and affirm the award of attorney fees and expenses in cause No. 4—86—0316. The expenses which were awarded in cause No. 4—86—0315 were those necessary to the partition action. Thus, ultimately all parties benefited from plaintiffs' attorneys' actions. Awarding plaintiffs their expenses as costs was, there-

fore, proper.

The partition action in cause No. 4—86—0315 began on October 23, 1981, when Everett Bailey, Jr., John Bailey, Rex Bailey, Donald Bailey, and Diamond Woolen brought a partition action naming Rita June Bailey, individually and as trustee under the will of Leta D. Bailey, as well as Leta J. Shelton, Lee H. Bailey, the State Bank of Arthur, Consolidated Rail Corporation, the State of Illinois, and the town of Lovington as defendants. The complaint alleged that plaintiffs and the individual defendants were tenants in common of certain property.

Everett M. Bailey, Sr., died in 1939 leaving one-third interest of the property to his widow, Leta D. Bailey, and two twenty-sevenths interest of the property to each child. The complaint alleged that Leta D. Bailey died leaving a will which devised her one-third interest to Rita June Bailey under a trust. Pursuant to the trust, Rita was awarded the net income, but if the premises were sold, she would receive one-half of the net proceeds with her brothers and sisters dividing the balance. Construction of the Leta D. Bailey will in the partition action was necessary prior to the partition order. The complaint further alleged Billie Dale Bailey, a brother, died. The State Bank of Arthur was the administrator of his estate. The complaint noted that a petition contesting the validity of his will had been filed.

The complaint further alleged that the surviving brothers and sisters each owned an undivided two twenty-sevenths interest in the property and owned the undivided two twenty-sevenths interest held by Billie D. Bailey in shares which were uncertain because of the will contest. Finally, the complaint alleged that the children, except Billie Dale, owned an undivided one-third interest through their mother. It alleged the other defendants had right-of-ways and easements across the property.

Rita, Lee, Leta, and the State Bank of Arthur filed a motion to dismiss the complaint alleging partition was premature because the shares of the parties were uncertain due to the will contest and the will construction issues. The motion further alleged that the interests of the parties could not be determined according to the complaint and proffered a different construction of the Leta D. Bailey will, which would preclude partition of the one-third interest. Defendants attached copies of the Leta D. Bailey will to their motion.

Cause No. 4—86—0316 began on May 14, 1982, when John, Everett M., Rex, Donald, and Dorcas Bailey, and Diamond Woolen filed a partition action. The defendants were the same as the defendants in the earlier action. The complaint alleged that the individual parties owned as tenants in common a separate parcel of farm property

through John H. Bailey, their grandfather. John H. Bailey died leaving their father, Everett M. Bailey, Sr., a life estate in the property. Everett M. Bailey, Sr., died leaving his children, Everett, John, Rex, Donald, Diamond, Lee, Leta, Rita, and Billie Dale owners of an undivided one-ninth interest in the property. Through conveyance, John acquired the interest held by Everett, Rex, and Diamond subject to mineral rights. John and Dorcas held as joint tenants the interest originally held by Leta subject to mineral rights. Rita conveyed her entire interest to John.

The complaint further alleged that Billie Dale Bailey died with the State Bank of Arthur appointed as his administrator and a petition had been filed contesting the validity of his will. The complaint set forth the ownership interests of the parties. It noted that their interest in the land held by Billie Dale was uncertain because of the will contest. The complaint further alleged the railway company, State, and city, had easements and right-of-ways across the property.

Defendants made a motion to dismiss the cause alleging the interests of the parties were uncertain and that plaintiffs had previously filed a petition to contest the will of Billie Dale Bailey. They asserted that until the will contest was settled, the court could not declare the rights of the parties in the property.

The trial court denied defendants' motions to dismiss in both partition causes and denied defendants' motions for appointment of receivers. Plaintiffs filed motions to amend their complaints in both causes. The first amended complaint in each cause corrected the description of the property subject to partition, eliminating the interest owned in fee by the railroad companies. The trial court granted the State of Illinois' motion to dismiss it from both causes.

On October 4, 1982, defendants in both causes filed answers to the complaints and counterclaims. The counterclaims set forth descriptions of the properties which eliminated the railroads' interests. The trial court allowed plaintiffs' motions to amend their complaints and dismissed the counterclaims.

The defendants objected to the trial court's jurisdiction to hear the partition actions since Billie D. Bailey's will contest was on appeal. (See *Bailey v. State Bank* (1983), 121 Ill. App. 3d 17, 458 N.E.2d 1326.) The trial court found that it had jurisdiction over the partition actions under the statute because the parties had a fee interest in the properties.

The parties in cause No. 4—86—0315 presented detailed memoranda on the construction of the Leta D. Bailey will and took opposing views as to whether the trust applied to the property in question, the

nature of the trust, and whether Rita held a fee interest in all of the property. The trial court rejected both the plaintiffs' and the defendants' proffered constructions of the trust clause in the Leta D. Bailey will. It interpreted the trust clause and found that Rita had a life estate with a power of sale which had lapsed. It then determined the distribution of the proceeds should the property in question be sold in the partition action. The trial court's construction of the Leta D. Bailey trust was incorporated into the partition order in cause No. 4—86—0315. Essentially, the court divided the property in the manner suggested in the amended complaint. It further stated that the siblings were entitled to Billie Dale Bailey's interest in shares which were uncertain because of the will contest.

The partition order in cause No. 4—86—0316 also adopted the position of the amended complaint and also stated that the parties owned the interest held by Bille Dale Bailey in uncertain shares because of the will contest. Defendants, throughout both causes of action, filed motions for accounting, filed separate accounting actions, and filed motions for the appointment of receivers.

Plaintiffs filed motions for apportionment of attorney fees and costs in each partition action. They submitted itemized statements of charges in each cause and amended itemized statements. Hearings were held on the motions at which time plaintiffs' attorneys testified that the charges were reasonable, necessary, prorated when involving other actions, and not duplicative.

On January 17, 1986, the trial court filed a memorandum of decision in each cause. The language of the decisions is identical except for the determination of the amount of expenses and attorney fees in each cause. In cause No. 4—86—0315, the trial court allowed both firms which represented plaintiffs, Craig & Craig and Wood & Flannell, $18,406 in fees. It allowed Craig & Craig $1,411 in costs and allowed Wood & Flannell $103 in costs. In cause No. 4—86—0316, the trial court allowed both firms $12,223 in attorney fees, allowed Craig & Craig $1,522 in costs, and allowed Wood & Flannell $389 in costs.

In both memoranda, the trial court concluded that while defendants were prudent in securing independent representation, such representation was not necessary. Defendants did not raise substantial defenses to the partition actions although collateral matters became involved.

Initially, we note that defendants did not in their briefs or at oral argument contest the substantive partition orders or the reasonableness or amount of attorney fees. Therefore, the sole contention addressed here is the propriety of the trial court's determination that attorney fees should be apportioned from the sale proceeds.

Section 17—125 of the Code of Civil Procedure states:

"Costs. In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the action, including the necessary expense of procuring such evidence of title to the real estate as is usual and customary for making sales of real estate, and a reasonable fee for plaintiff's attorney, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some of them, interpose a good and substantial defense to the complaint." Ill. Rev. Stat. 1985, ch. 110, par. 17—125.

■■■■ The statutory authorization which includes a reasonable fee for plaintiff's attorney is based upon a premise that plaintiff's attorney acts for all of the parties having an interest in the property subject to partition. (*Harris v. Johnson* (1976), 42 Ill. App. 3d 751, 356 N.E.2d 1107; *Kaiserman v. Kaiserman* (1975), 26 Ill. App. 3d 338, 325 N.E.2d 79.) Thus, it is necessary for the defendants to employ counsel to protect their interests in the land subject to partition. (*Harrison v. Kamp* (1949), 403 Ill. 542, 87 N.E.2d 631.) Personal animosity between the parties may necessitate defendants retaining counsel in the partition action, but that alone does not justify a refusal to apportion fees where the interests of the parties are properly set forth in the complaint. (*Harris v. Johnson* (1976), 42 Ill. App. 3d 751, 356 N.E.2d 1107; *Kaiserman v. Kaiserman* (1975), 26 Ill. App. 3d 338, 325 N.E.2d 79.) However, it is essential that the conduct of plaintiff's attorney in the partition action be fair and impartial to all of the parties. Any substantial defense made in good faith by defendant is sufficient to preclude an award of attorney fees. (*Harrison v. Kamp* (1949), 403 Ill. 542, 87 N.E.2d 631.) With these principles in mind, we turn to defendants' arguments in the instant appeal.

Initially, defendants argue that plaintiffs failed to adequately set forth the interests of the parties in the disputed properties. Therefore, they maintain that under the terms of the statute, plaintiffs are not entitled to attorney fees. In both complaints, plaintiffs described the exact interests of the parties as uncertain due to the will contest. Both complaints stated that the railroads had easements. In cause No. 4—86—0315, the complaint stated that the parties' exact interests were also uncertain due to the construction of the trust contained in the Leta D. Bailey will. The amended complaints in both causes changed the description of the parcel subject to partition, eliminating the railroads' fee interests. The amended complaints did not otherwise alter the interests as set forth in the complaints. The amended complaint in

cause No. 4—86—0316 did not note any improvements on the property. We note that the motions to amend the complaints, with attached amended complaints, were filed prior to the filing of the counterclaims.

■ In both partition actions, the exact quantity of the parties' interests in the land could not be set out with numeric specificity because it depended upon the outcome of the will contest suit and the construction by the court in cause No. 4—86—0315 of the Leta D. Bailey will. It was impossible for the plaintiffs to have set forth the parties' interests with any more specificity than they did. Section 17—102 of the Code of Civil Procedure states that the complaint shall "set forth the interests of all parties *** so far as the same are known to the plaintiffs," including any contingent interests. (Ill. Rev. Stat. 1985, ch. 110, par. 17—102.) Section 17—124 of the Code of Civil Procedure provides that the court in a partition action may investigate and determine all issues involving title to the property. (Ill. Rev. Stat. 1985, ch. 110, par. 17—124.) Thus, it follows that a complaint which alleges that the parties' exact ownership interests are contingent upon construction of a will or a will contest is not defective for purposes of attorney fees. See generally *Tucker v. Countryman* (1953), 414 Ill. 215, 111 N.E.2d 101.

■ Defendants also argue that the fact that the plaintiffs amended their complaints, changing the description of the parcels, evidences that the parties' interests were not adequately set forth in the complaints. The amended complaints eliminated land owned by the railroads. In *O'Malley v. Walker* (1955), 4 Ill. App. 2d 555, 124 N.E.2d 690, the court noted that where a defendant would receive complete protection even if defaulted, the fact that the complaint did not set out every interest fully or was faulty and is amended will not bar apportionment of fees. Similarly, where an error is not substantial and the complaint is amended to correct the defect, apportionment is not barred. The failure of the complaints to accurately set forth the railroads' interests is not such a defect that it bars apportionment of fees. (*O'Malley v. Walker* (1955), 4 Ill. App. 2d 555, 124 N.E.2d 690.) The amended complaints accurately and sufficiently set forth the parties' interests.

■ Defendants next argue that, due to the nature of the multiple disputes between the parties, both in the partition actions and in other actions, plaintiffs' attorneys could not be fair and impartial to all parties in the partition actions. The parties in the instant actions have been involved in multiple disputes on various issues. The will contest action involving Billie Dale Bailey's will was filed prior to the partition actions. The primary beneficiary in that will is a defendant in the partition actions. The parties were also involved in separate accounting

suits. At one time, plaintiffs' attorneys entered negotiations proposing a compromise settlement of all pending actions.

As noted earlier, the statutory authorization for fees is based upon a premise that plaintiff's attorney acts for all parties in the partition action. In determining whether a plaintiff's attorney is fair and impartial to all parties, the court's focus is on the partition action itself. Where the complaint fairly and honestly represents the interests of all the parties and those interests are properly set forth, there is no necessity for the defendant to employ counsel. The existence of personal animosity and difficulties with respect to accountings, receivers, or other collateral matters does not preclude an apportionment of fees. (*Lane v. Budiselich* (1974), 17 Ill. App. 3d 914, 916-17, 308 N.E.2d 811, 813.) Defendants as well as plaintiffs benefit from the division of the property. Here, the amended complaints accurately set forth the interests of the parties. The fact that defendants were prudent to employ counsel with respect to collateral issues does not bar apportionment of fees. 17 Ill. App. 3d 914, 308 N.E.2d 811; *Schwartz v. Schwartz* (1952), 346 Ill. App. 420, 105 N.E.2d 147.

■ Defendants next argue that they raised good and substantial defenses to the partition actions which preclude apportionment of fees. Plaintiffs respond that the fact that defendants were not successful and did not appeal demonstrates the defenses were not substantial. A defense need not be successful to preclude apportionment of fees. (*Harrison v. Kamp* (1949), 403 Ill. 542, 87 N.E.2d 631.) Where a defendant in a partition action denies title to the real estate involved and claims title in another fashion, the defense is considered substantial. (*Adams v. Adams* (1947), 398 Ill. 581, 76 N.E.2d 495; *Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 196 N.E.2d 714.) In both causes of action here, defendants argued that the partition actions were premature because the will contest would or could alter the parties' interests in the properties. Since the will contest was pending, the parties' interests were not definitely resolved. The court ultimately ruled that it could proceed with the partition actions. In its order, the court stated that the parties owned interests in the portion of the properties held by Billie Dale Bailey's estate in proportions which were uncertain pending the outcome of the will contest suit.

■ In *In re Estate of Lanterman* (1984), 122 Ill. App. 3d 982, 462 N.E.2d 46, this court noted that the pending probate of an estate will not necessarily prevent the court from partitioning the property. Here, the Billie D. Bailey will contest was a separate cause of action. The parties were all before the court in the partition actions, and the court could determine each child's interest. The interests held by the Billie D.

Bailey estate were certain. The partition orders noted that the individual parties owned his interests in portions uncertain pending the outcome of the will contest. Since the will contest did not affect title to the property subject to partition in the lawsuits, it was not a substantial defense in either action. (122 Ill. App. 3d 982, 462 N.E.2d 46.) It was possible to divide the disputed properties and pay Billie Dale Bailey's portion into his estate.

■ However, the will construction in cause No. 4—86—0315 poses an entirely different matter. Construction of the trust contained in the Leta D. Bailey will was an issue in the partition action. The parties' proffered constructions directly influenced and could have changed the proposed quantity of land to be taken by each individual party. The trial court rejected the constructions proffered by the parties and construed the trust clause in the will in a different manner. The will construction in cause No. 4—86—0315 was, thus, by definition a substantial defense precluding an award of attorney fees. *Adams v. Adams* (1947), 398 Ill. 581, 76 N.E.2d 495; *Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 196 N.E.2d 714.

■ Finally, defendants argue that substantial collateral matters were involved in each action. Therefore, apportionment of attorney fees was error. We agree that the will construction issue raised in the complaint in 4—86—0315 was a collateral matter which could preclude an award of fees. It was also a substantial defense to the action. We note that many of the collateral matters which defendants point to in cause No. 4—86—0316 involve responses to motions which the defendants made. The mere fact that collateral matters are addressed in a partition action does not preclude an apportionment of fees. (See generally *Lane v. Budiselich* (1974), 17 Ill. App. 3d 914, 308 N.E.2d 811; *Maciaszek v. Maciaszek* (1963), 43 Ill. App. 2d 405, 193 N.E.2d 610.) We note the defendants do not contest the amount of fees, but only the propriety of the award. The issues involved in cause No. 4—86—0316 were not such as to preclude apportionment of fees.

For the above reasons, we affirm the order awarding attorney fees and expenses in cause No. 4—86—0316 and reverse the order awarding attorney fees in cause No. 4—86—0315.

Judgment in 4—86—0316 affirmed. Judgment in 4—86—0315 affirmed in part and reversed in part.

SPITZ, P.J., and WEBBER, J., concur.