George E. Kunart, Plaintiff-Appellant, v. Goldie E. Deal et al., Defendants. Goldie E. Deal and Bertha L. Kent, Appellees.

**Gen. No. 9,960.**

Third District.

-February 18, 1955.

Released for publication March 7, 1955.

Lynn A. Woollen, of Decatur, and Robert A. Stuart, of Springfield, for appellant; Lynn A. Woollen, of Decatur, Brown, Hay & Stephens, and Robert A. Stuart, all of Springfield, of counsel.

Hershey & Bliss, and John W. Coale, all of Taylorville, for appellees; Hershey & Bliss, John W. Coale, and Charles E. Bliss, all of Taylorville, of counsel.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This appeal grows out of the denial by the trial court of motions by the plaintiff in a partition suit for the apportionment of plaintiff's attorney's fees and taxing the same as costs. The case comes to this court on appeal from the circuit court of Christian county.

The original motion for apportionment of attorney's fees and taxing the same as costs, was made orally, and this motion was denied by the court. Later, the plaintiff filed a motion to reconsider the denial of the motion to allow the attorney's fees, and this motion was denied. In denying the motion for attorney's fees, the court held that "The complaint for partition in said cause did not set forth the right, title and interest of the several tenants accurately, fully, correctly and clearly and that it was necessary for the defendants to be represented by counsel in order that their rights in the premises involved in the proceedings be protected and in order that the said defendants might secure a just partition of said property; that this was not an ami-

143

cable partition proceeding, and it would be highly inequitable for the defendants to be compelled to pay any portion of the attorney fee of the plaintiff, and that said stipulated fee should not be taxed as costs and apportioned as provided by statute."

George E. Kunart, the plaintiff, filed his complaint for partition of certain lands in Christian county, Illinois, on November 7, 1952. The complaint set forth that the plaintiff and the defendants, Goldie E. Deal and Bertha L. Kent, were owners in fee simple, as tenants in common in equal parts of the property sought to be partitioned. In paragraph 10 of the complaint, it is alleged that George Kunart, was the owner of the undivided one-third interest, that Goldie Deal was the owner of an undivided one-third interest, and that Bertha L. Kent was the owner of the other undivided one-third interest.

Said paragraph 10 then says that certain persons named in the complaint as defendants, but not as owners, namely Darrell Kent and his wife Ethyel Kent, were in possession of certain of the property as terre tenants. The complaint then goes on to state that no other persons have any interest in or title to said property sought to be partitioned. Ida K. Kunart, the wife of the plaintiff, entered her appearance and on December 8, 1952, Goldie E. Deal and Bertha L. Kent filed their answer in which they admitted every material allegation in the complaint, and stated in said answer that they also desired that partition be made; that if the land could not be divided without injury to the parties that the land be sold, but that they, Goldie E. Deal and Bertha L. Kent, had not at any time refused to join in a partition and division of the said premises, but on the contrary that they had requested the plaintiff Kunart to join with them in the sale of said premises to effect a division. These defendants then went on to state in their answer that they desired that the cause

144

be adjudicated and that the relief demanded by the plaintiff be granted.

A decree for partition and the appointment of commissioners was entered on January 9, 1953, and in this decree, the rights of the parties are set out exactly as they were in the complaint, that is, that George E. Kunart, Goldie E. Deal, and Bertha L. Kent, were the owners of the property as tenants in common, each of them having an undivided one-third interest, and that Darrell Kent and his wife, were terre tenants on part of the land, and that the plaintiff and his wife were terre tenants on another part of the land.

On January 30th, 1953, the commissioners made their report and the court ordered that the filing of the decree for approval of the commissioners' report and for sale be set for February 24th, 1953. The case was reset, and on March 10th the plaintiff, by his attorney, presented a decree to approve the report of the commissioners and for sale of the premises. In the decree presented, it was provided that the sale be made "subject to the rights of rental tenants in possession for the crop year 1953." The other owners, Goldie E. Deal and Bertha L. Kent, objected to this provision. A hearing was held on the same day, and the court held "that from the pleadings and evidence produced in open court that said premises should be sold by the Master free and clear of the rights of any tenant who farmed said premises during the crop year 1952 and that the purchaser at said sale should be entitled to possession upon approval of the sale."

Up to this time, the owners seem to have been in complete agreement as to the procedure. All of them wanted the land partitioned. While most partitioners are not amicable, yet up to this point if there can be amity between heirs disputing over land, or how it shall be divided, there was amity. And the only question seemed to come up over the rights or claim of

145

rights of the plaintiff as a tenant and Darrell Kent and his wife as tenants.

The only matter in the complaint that might cause some question is the term "terre tenants." This seems to be an obscure term and not used extensively in Illinois. A terre tenant has been defined as one in a general sense who is seized of the actual possession of the land, as the owner thereof. Words and Phrases, Vol. 41, page 404. A terre tenant has also been defined as one who is in actual possession of land, but in a more technical sense, one who is seized of the land. Grigsby's Illinois Real Property, Vol. 3, page 430. The meaning is obscure and we find no actual definition in the Illinois cases. But taking the definitions we find, it would appear that the plaintiff was a terre tenant, but that Darrell Kent and his wife were not.

Section 45, Chapter 106 (Partition), Illinois Revised Statutes [Jones Ill. Stats. Ann. 109.490 (5)], provides: "The complaint shall particularly describe the premises sought to be divided, and shall set forth the interests of all parties interested therein, so far as the same are known to the plaintiffs . . ."

Section 68, Chapter 106 (Partition), Illinois Revised Statutes [Jones Ill. Stats. Ann. 109.490 (28)], provides: "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the suit, including the necessary expense of procuring such evidence of title to the real estate as is usual and customary for making sales of real estate, and a reasonable fee for plaintiff's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some of them, shall interpose a good and substantial defense to the complaint. In such case the party or parties making such substantial defense shall recover their costs against the plaintiff according to equity."

146

The defendants in their brief say that they take no issue with the brief of the plaintiff and agree that the propositions cited by the plaintiff correctly set forth the law, but that they do disagree with the conclusions drawn from the facts. So, in order for this court to reach a decision, it will be necessary to examine the facts as shown by the record.

██ There does not seem to be any dispute that the plaintiff in his complaint for partition properly set forth the rights and interests of all the parties in interest. This was admitted by the answer of the defendants Deal and Kent. This was also recognized by the decree entered January 9th, 1953, which found the interests of the parties exactly as set forth in the complaint, therefore there was a complete compliance with the requirements of the statute, to entitle the plaintiff for apportionment of attorney fees. The defendants contend, that because the decree for sale had a clause in it, that the sale should be "subject to the rights of rental tenants in possession for the crop year 1953," that at that point, the proceedings became a hostile proceeding, and that it was necessary for defendants to employ counsel to protect their rights. And there are other grounds set forth, none of which appear to have been raised at any time during the trial, namely that the plaintiff had failed to proceed with dispatch, had delayed in presenting a decree for sale, and had been guilty of vexatious delay of the sale date. None of these other matters being urged at the trial, they cannot be heard by this court now. The only matter that can properly be considered is the matter of the inclusion of the clause in the sale decree, that sale be made "subject to the rights of rental tenants in possession for the crop year 1953." It must be admitted, that even if the sale had been made subject to the rights of rental tenants for the year 1953, the tenants would have had to pay someone. Even then, the question of rentals is not a question of partition, or the rights of the

147

owners, their interest or otherwise. This has been agreed upon, namely that each party owned an undivided one-third interest.

In this case, it seems to be admitted that there was some animosity between the parties. That is to be expected, in a partition suit. The fact that the parties cannot agree to a division, leads to animosity. But the mere fact that there was animosity, does not make this such a case that would justify the defendant in employing counsel and then objecting to apportioning costs. There is nothing in the record to show such animosity. The interests of the parties were correctly set forth in the complaint, the defendants by their answer admitted that the interests of the parties were correctly set forth, and with the exception of the objection to the clause about the tenants there was no dispute. And that was heard by the court on the same day the decree was presented, the clause was stricken, and nothing further occurred in the way of dispute or objection.

 Mere opposition or animosity or bitterness between the parties will not of itself justify the court in refusing to apportion the plaintiff's attorney fees. There must be such a situation that makes it necessary for the defendants, or some of them, to employ counsel to protect their interests. Habberton v. Habberton, 156 Ill. 444; Dunshee v. Dunshee, 179 Ill. App. 290. But where the solicitor for the complainant fairly and honestly represents the interests of all the parties in the premises sought to be partitioned, there is no necessity for defendants employing counsel. If, notwithstanding, there is no necessity for it, defendants should conclude it would be wise to have their own counsel watch the proceedings, we see no hardship in their being required to pay counsel so employed by them, in addition to their proportion of the fee of the solicitor for complainant. Searl v. Searl, 122 Ill. App. 129; Dunshee v. Dunshee, 179 Ill. App. 290; Schwartz v. Schwartz, 346 Ill. App. 420.

148

In the Schwartz case there is a great deal of similarity to this case. The parties were very unfriendly to each other in that case just as they were here. The complaint correctly described and set forth the rights of the parties in that case, just as the complaint in this case correctly and properly set forth the rights of the parties. Defendant in that case, as in this case, employed counsel to represent him. Counsel appeared and did represent him. The decree in that case set forth the interest of each party, just as the decree did here. The answers filed admitted substantially every allegation of the complaint. And the court in that case said: " 'Though it may be thought prudent where the personal relations of the parties are unfriendly for defendants to employ counsel to see that the proceedings are regular and no advantage taken or sought, this would not justify a court in refusing to apportion the solicitor's fee.' "

And also, in the Schwartz case, the court said this: "In Harrison v. Kamp, 403 Ill. 542, at page 547, the Court said: 'The theory of section 40 of the Partition Act is to allow the apportionment of solicitors' fees against all parties in interest only where it is unnecessary for the defendants, or some of them, to employ counsel to protect their interests in the land. . . .' "

▓ In this case, the defendants Deal and Kent had evidently employed counsel before the matter of the tenants' rights came up. An examination of the answer filed by them shows that it was filed by the law offices of John W. Coale. Even if counsel only represented them for the purposes of filing the answer, they had employed counsel in the case. Whether they had to re-employ counsel to represent them on the hearing on March 10th, 1953 does not appear of record, but we do not regard the matter litigated at that time, as a matter that would affect the rights of the parties in and to the land. It was at most a minor matter relating

149

to tenancy of the land, and in no way affected the actual interest of the parties to the land.

The case of Stollard v. Nycum, 240 Ill. 472, presents a matter of tenancy. In that case, the plaintiff was in possession of the greater part of the land sought to be partitioned, and this was not alleged in the complaint. And the court in passing on this matter, said: "The only objection raised by the answer was that the complainant was in possession of the greater part of the land— a fact which was not alleged in the bill. The fact did not, however, affect his interest or that of his co-tenants in the land. Whether he was, or they were, in or out of possession, their respective interests in the land remained the same. He happened to be in possession under the life tenant at the expiration of her estate and had remained in possession a few days when he amended his bill to show the expiration of that estate. So long as he remained in possession he would be liable to account to his co-tenants. But such accounting had no necessary connection with the partition of the land. It was a mere incident which might be brought into the suit if any party desired it, but was no essential part of it and might be had entirely apart from the partition."

So, in the instant case, the matter of the rights of the tenants had no necessary connection with the partition of the land. It might have affected the sale, but it did not since the court took prompt action at the time the decree was presented.

The fact remains that with the exception of the answer of the defendants Deal and Kent, the objection to the decree of March 10th, 1953, and the order denying apportionment of solicitor's fees, every other matter, in connection with this partition was prepared and done by the attorney for the plaintiff.

Since it appears to this court that the original complaint correctly and properly set forth the interests of the various parties in interest and that there was no

150

controversy that would require a substantial defense on the part of the defendants, the decree denying the apportionment of attorney's fees will be reversed and remanded with instructions to apportion the stipulated fee of plaintiff's attorney as costs of the proceedings among the parties of interest in the suit.

Reversed and remanded with instructions.