DONALD V. HERRMAN, Plaintiff and Counterdefendant-Appellant, *v.* CLARENCE E. GOLDEN *et al.*, Defendants-Appellees.—(CLARENCE E. GOLDEN, Counterplaintiff-Appellee.)

Third District    No. 80-74

Opinion filed March 11, 1981.

WEBBER, J., specially concurring.

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, P. C., of Havana, for appellant.

E. Wayne Clark, of Frings, Bagley, Atherton & Clark, of Pekin, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns the question of whether an 80-acre tract of farm-land was orally partitioned in 1939 by its then-owners as tenants in common.

On May 18, 1979, plaintiff, Donald Herrman, filed suit in the circuit court of Tazewell County against defendants, Clarence Golden, Lewis Friedrich, Kenneth Fornoff, and Melvin Fornoff, seeking partition of the 80-acre tract. The complaint alleged plaintiff and defendant Golden to be

tenants in common in equal shares. Defendant Golden answered, claiming that the tract had previously been orally partitioned by his deceased brother, Bert Golden, and himself in 1939 when they were owners of the premises as cotenants. He requested that the petition be denied, the oral partition be confirmed, and plaintiff be ordered to convey the south 40 acres of the tract to him. He also requested attorney fees be allotted to him pursuant to section 25 of "An Act in relation to the partition of real estate * * *" (Ill. Rev. Stat. 1979, ch. 106, par. 68).

After issue was drawn and a bench trial held, the court found the oral partition to have taken place in 1939 with Clarence taking the south half of the tract and Bert the north half. The decree also found that in 1975 when plaintiff obtained a deed from Lillian Golden, widow of Bert Golden, purporting to convey an undivided one-half interest in the 80-acre tract, plaintiff had actual and constructive notice of the then "existing division of the premises and the circumstances thereof." Plaintiff's complaint was dismissed, and Clarence Golden was found to be the owner of the south 40 acres subject to an easement of necessity for ingress and egress in favor of the owner of the north 40 acres. Defendant Clarence Golden was awarded $1,228.40 in attorney's fees.

The uncontradicted evidence at trial showed that in 1933, Bert V. Golden, Clarence's brother, then the sole owner of the 80-acre tract, conveyed an undivided one-half interest in it to Clarence. The brothers leased the property to tenants until 1939. Each year the tax bill to this property was sent to one of the two brothers, who paid the first installment and then delivered the tax bill to the other brother who then paid the second installment. After Bert died in 1965, the taxes continued to be paid in the same manner with Lillian Golden, Bert's widow, who took the property under Bert's will, paying one-half of the taxes, and Clarence paying the other half. This continued until Lillian conveyed to plaintiff in 1975.

The only direct evidence of an agreement to divide the property having been made came from Clarence Golden who testified that in 1939, he and Bert orally agreed to divide the property with him taking the south half and Bert the north half. He also stated that at this time they also divided a 100-acre tract of land in which they had equal undivided interests. The evidence was not disputed that after 1939 the north 40 acres of the 80-acre tract was in Bert's exclusive possession and was farmed by tenants selected by and accountable to Bert and then Lillian and the south 40 acres was in the exclusive possession of Clarence and farmed by him or a tenant selected by him. Although denying that he had heard of the Golden brothers having orally agreed to divide the land, plaintiff admits that he was chargeable with knowledge of the manner in which the

Goldens treated the land and that he made no inquiry as to their interests. He admitted at oral argument that he took only the title his grantor had.

A real estate appraiser testified that he was familiar with the tract of land in issue and that the north 40 acres were poorer than the south 40 acres but only by a small degree.

■■ Owners of undivided interests in real estate may make oral agreements of partition which, although not changing the nature of the legal title to the premises, will be recognized in equity. (*Bayley v. Nichols* (1914), 263 Ill. 116, 104 N.E. 1054; *Duffy v. Duffy* (1909), 243 Ill. 476, 90 N.E. 697.) In order to obtain confirmation of such a division, a proponent must show by clear and satisfactory evidence (1) the existence of the agreement, (2) that it was followed by separate possession of the individual tracts, (3) the agreement was reasonably certain as to subject matter, and (4) the agreement was for valuable consideration and was fair. *Tanner v. Tanner* (1927), 326 Ill. 302, 157 N.E. 161; *Gomel v. McDaniels* (1915), 269 Ill. 362, 109 N.E. 996; *Ater v. Smith* (1910), 245 Ill. 57, 91 N.E. 776.

Here, the proof was very strong that any agreement was certain as to subject matter and followed by separate possessions. The only appraisal evidence was that the tracts were of nearly equal value, although the tract claimed by Clarence Golden was slightly more valuable. According to Clarence, the division of the 80 acres was accompanied by an agreement to divide the 100-acre tract. Clarence also testified that he permitted Bert to have a portion of his, Clarence's, half of that tract, where a house was located. Thus, the evidence supported a finding that the total agreement allegedly entered into between the Golden brothers was fair and equitable.

■■ The most serious factual question was whether any agreement to partition was actually made. Although defendant Clarence Golden's testimony was the only direct evidence of its existence, such an agreement can be proved by circumstantial as well as direct evidence. (*Gomel; Ater.*) The evidence of the separate possession and separate farming of the two 40-acre tracts strongly supported Clarence Golden's testimony. The tenants farming the north tract were chosen by and responsible to Bert and Lillian Golden, while Clarence was solely responsible for the south tract.

Plaintiff counters by pointing out that (1) no evidence was presented that either Clarence or Bert ever told others of the oral partition, and (2) the method by which the Goldens handled tax bills would infer the continuance of a tenancy in common for the entire tract. While this evidence had some persuasive value, it must be considered that (1) their practice of farming the tracts as if they had been divided was well known in the area,

and (2) the taxes that each of the Goldens would have had to pay would not have differed substantially had they requested division of the tracts on the tax records. Plaintiff also claims significance to Clarence having denied Lillian access over the south 40 acres for a short time after Bert died. As the north tract was landlocked, plaintiff argues that if partition of the 80 acres had actually been made, Lillian would have had an easement by necessity across the south tract and Clarence's refusal to recognize that easement was inconsistent with his claim of partition having been made. However, denial of access was also inconsistent with plaintiff's theory that the whole 80 acres was held in a tenancy in common.

■■ The evidence in support of the theory of defendant Clarence Golden was sufficiently strong for the court to have properly found the oral partition to have been proved by clear and satisfactory evidence. The order, denying partition as sought by plaintiff and confirming the oral partition previously made, is affirmed.

The allowance of attorney's fees to defendant must be reversed. Under the legislation permitting award of attorney's fees in partition cases, fees may be awarded to the party whose attorney first sets forth the rights and interest of all the parties when no substantial defense is interposed in good faith. (*Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 196 N.E.2d 714; *O'Malley v. Walker* (1955), 4 Ill. App. 2d 555, 124 N.E.2d 690.) Here, defendant did not seek a partition of real estate but a confirmance of an oral partition previously made. We need not consider whether defendant could be considered to be in the position of a party who first properly set forth the interests of the parties, because the evidence as to the existence of the oral partition was close enough that the trial court was in error in finding plaintiff's defense to the counterclaim to be insubstantial and made in bad faith. We reverse the award of attorney's fees to defendant Clarence Golden.

Affirmed in part; reversed in part.

TRAPP, P. J., concurs.

Mr. JUSTICE WEBBER, specially concurring:

I concur in the result reached in the principal opinion. However, insofar as it appears to indicate that any parol partition will be binding upon subsequent title holders, I disagree.

The outcome of the instant case is determined only as an evidentiary matter. The trial court found as a fact that the plaintiff knew of the prior parol partition between the Golden brothers, and this fact is not seriously disputed by the plaintiff. In this regard the instant case is factually close to

*Gomel.* In all the other cases cited in the principal opinion there existed direct privity between the parol partitioner and the party seeking or resisting partition, generally by way of inheritance of devise. Only in *Gomel* was the court concerned with a purchaser.

The validity of a parol partition is beyond dispute. The only question is who may be bound by it. I conceive the rule to be that a purchaser of the undivided interest will be bound if there exists clear and convincing evidence of his knowledge. Those in privity with the parol partitioner will be bound as a matter of law.