JULIA O. CLAYTON, Plaintiff-Appellant, v. BRADFORD NATIONAL BANK *et al.*, Defendants-Appellees.

Fifth District   No. 5—92—0513

Opinion filed September 21, 1993.

James E. Buchmiller, of Greenville, for appellant.

Douglas Marti, of Greenville, for appellees.

JUSTICE WELCH delivered the opinion of the court:

This action is one for the partition of land owned by two sisters, plaintiff-appellant, Julia O. Clayton, and defendant-appellee, Eva D. Allen, as tenants in common by virtue of inheritance from their parents. The parties do not dispute the actual partition of the land but only the award of attorney fees pursuant to section 17—125 of the

Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 17—125.) That section provides as follows:

"In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion the costs among the parties in interest in the action, including the necessary expense of procuring such evidence of title to the real estate as is usual and customary for making sales of real estate, and a reasonable fee for plaintiff's attorney, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some of them, interpose a good and substantial defense to the complaint. In such case the party or parties making such substantial defense shall recover their costs against the plaintiff according to justice and equity." (Ill. Rev. Stat. 1989, ch. 110, par. 17—125.)

This statutory authorization for an award of attorney fees is based upon the premise that plaintiff's attorney acts for all interested parties. (*Lane v. Budiselich* (1974), 17 Ill. App. 3d 914, 916, 308 N.E.2d 811, 812.) Thus, an award of attorney fees is only appropriate where it is not necessary for defendants, or any of them, to employ counsel to protect their interests in the land. (*Harrison v. Kamp* (1949), 403 Ill. 542, 547, 87 N.E.2d 631, 634.) When the rights and interests of all parties in interest are not properly set forth in the complaint or where defendants interpose a good and substantial defense to the complaint, thereby necessitating their employment of counsel, apportionment of plaintiff's attorney fees is not appropriate. (*Harrison*, 403 Ill. at 547, 87 N.E.2d at 634.) Thus, as affecting the right to apportionment of attorney fees, plaintiff owes defendant a duty to establish the right to partition, to join all necessary parties as defendants, and to set forth the interests of all parties properly. (*O'Malley v. Walker* (1955), 4 Ill. App. 2d 555, 124 N.E.2d 690.) Where defendants interpose a substantial defense in good faith, it is sufficient to preclude apportionment of plaintiff's attorney fees, even if that defense is not sustained in either the trial court or the reviewing court. *Harrison v. Kamp* (1949), 403 Ill. 542, 87 N.E.2d 631; *Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 196 N.E.2d 714.

In the instant case, the original complaint for partition was filed by plaintiff-appellant, Julia O. Clayton, in the circuit court of Bond County on March 2, 1987. This complaint was subsequently amended. Her complaint alleged that she and defendant-appellee owned the premises as tenants in common by virtue of inheritance from their parents and by virtue of warranty deeds conveying partial interests in

the property from other heirs of the parents. It further alleged that Clayton had obtained a partial interest in the premises by warranty deed from defendant-appellee Allen. The complaint did not allege the respective interests of the parties as to the amount of their interests in the premises. The complaint asked the court to determine the respective interests of the parties in the premises and to either partition the property in kind or to order a sale of the property and a division of the proceeds. Count II of the complaint as amended seeks reimbursement upon partition for expenses and improvements paid for by plaintiff-appellant Clayton relating to the premises.

On August 27, 1987, Allen filed an answer to the complaint admitting the above allegations of the complaint but denying any desire for partition as prayed for in the complaint. The answer also sets forth the affirmative defense that plaintiff had orally promised defendant that if defendant moved back to the premises in question from Chicago plaintiff would reconvey to defendant that interest in the premises which defendant had previously conveyed to plaintiff; that in reliance on this promise of plaintiff, defendant did move from Chicago to the premises in question and made substantial improvements thereon; and that because of plaintiff's promise, plaintiff was estopped from bringing the partition action. This affirmative defense was ordered dismissed on motion of plaintiff, but was later reinstated by the trial court. In her answer to the amended complaint, defendant also raised certain affirmative defenses to plaintiff's claim for reimbursement for expenses and improvements.

Also on August 27, 1987, defendant filed a counterclaim against plaintiff. This counterclaim was subsequently amended. Count I thereof alleged that the parties were two of the legal heirs of their parents, whose estate had never been fully administered by the court, and that plaintiff had taken possession of the premises in question and had sold timber and firewood therefrom, had collected rent from the premises, had not distributed certain personalty of the estate, and had made use of the premises for her personal benefit without any accounting or distribution of income to defendant. Count I sought an accounting and payment of any sums due to defendant, as a result of the accounting, by virtue of her undivided interest in the premises. Count II of the counterclaim alleged that plaintiff had orally promised that if defendant would move back to the premises from Chicago plaintiff would reconvey to defendant that interest in the premises which defendant had previously conveyed to plaintiff and that in reliance on this promise defendant had returned to the premises and made very substantial improvements thereon. Count II prayed that

plaintiff be compelled to reconvey to defendant the undivided interest in the premises which defendant had previously conveyed to plaintiff. Count III of the counterclaim as amended sought reimbursement upon partition for the substantial improvements which defendant had made to the property.

In her answer to the amended counterclaim, plaintiff asserted that, with respect to count I, defendant has been guilty of *laches*, that the claim for an accounting is barred by the statute of limitations, and that no accounting is required by law, and, with respect to count II, that the action is barred by the Statute of Frauds (Ill. Rev. Stat. 1989, ch. 59, par. 1 *et seq.*) and by *laches*. Plaintiff also sought reimbursement for the improvements she had made to the property. With respect to count III, plaintiff simply denies that defendant is entitled to reimbursement for improvements to the property.

The matter came on for trial on January 13, 1988, on the issues raised by the pleadings. We note that due to court scheduling problems, the case was tried piecemeal, with evidence being taken on January 13, 1988, May 25, 1988, April 27, 1989, and April 28, 1989. This procedure was objected to strenuously by the attorney for plaintiff; however, the procedure is not raised as error on appeal. At the conclusion of the evidence, the court asked the parties to submit written briefs on the issues.

On May 1, 1990, the circuit court of Bond County entered judgment finding that: defendant made substantial improvements to the property; plaintiff did promise to defendant a reconveyance of defendant's one-eighteenth interest upon defendant moving back to the property, and defendant reasonably relied on that promise to her detriment and is therefore entitled to the additional one-eighteenth interest upon any division of the property; and the interests of the parties in the property were seven-ninths to the plaintiff and two-ninths to the defendant. A commissioner was appointed to view the property to determine whether division was possible and to report back to the court. The court further found that no accounting was due from plaintiff to defendant.

On April 16, 1991, the court entered an order finding that, pursuant to the commissioner's recommendation, the property could be equitably divided in kind with plaintiff receiving a seven-ninths interest and defendant receiving a two-ninths interest. The commissioner was granted leave to employ a surveyor to effect the division in kind.

On July 10, 1991, an order was entered approving the report of the commissioner and confirming the plat of survey effecting the division of the property. The order set forth the division of the property,

and the parties were ordered to surrender possession of any property not awarded to them by partition.

On August 15, 1990, plaintiff filed a motion for allowance of attorney fees and costs, with itemized bills attached. On October 3, 1990, defendant filed a motion for apportionment of her attorney fees, alleging that she had interposed a good and substantial defense to plaintiff's complaint for partition and that she had been the first party to properly set forth the interests of the parties in the property. Attached to the motion were itemized bills. Both parties filed memoranda in support of their motions.

On January 30, 1992, the court entered its judgment as to attorney fees. The court found that plaintiff's complaint did not completely set forth the respective interests of the parties in the property. The court further found that although plaintiff's promise to reconvey a portion of the premises to defendant is a collateral issue, it also affects the quantity of land to be awarded to the parties upon partition and can therefore be viewed as either a substantial defense to plaintiff's complaint for partition or as the first proper statement of the parties' respective interests in the property. Furthermore, the promise to reconvey was raised as an affirmative defense to plaintiff's complaint. The court found that other issues raised by defendant's counterclaim, such as the issue of accounting, were strictly collateral to the partition action and therefore the parties should bear their own attorney fees with respect to those collateral issues. However, issues of reimbursement for improvements were germane to the partition action. The court determined that 40% of the actual time spent by the attorneys was attributable to the partition action and that 60% was attributable to collateral issues. This 60% spent on collateral issues should remain unapportioned as to the partition suit. The court further found that neither party had objected to the actual billings of the other and that defendant's total attorney fees and costs were $34,381.03. The court found that, while these fees might appear excessive, the possible loss of defendant's home may have warranted the fees. The court determined that 40% of $34,381.03 is $13,752.41 and that seven-ninths of this amount is $10,696.32, which amount should be apportioned to and paid by plaintiff. Two-ninths of the total of $13,752.41, or $3,056.09, was apportioned to defendant. Plaintiff's attorney fees were not apportioned between the parties, and plaintiff was ordered to pay them in full.

Both parties sought reconsideration of the court's order. Defendant argued that her counsel had spent more than 40% of his time on the partition action and less than 60% of his time on collateral issues.

Plaintiff argued that the court had awarded defendant attorney fees on a counterclaim raising a collateral issue and that plaintiff's complaint for partition had completely set forth the respective interests of the parties in the property to be partitioned, whereas the counterclaim had set forth neither a substantial defense nor the first accurate statement of the parties' respective interests in the property. Plaintiff further argued in her motion for reconsideration that she had objected to the amount and necessity and appropriateness of defendant's attorney fees, which were excessive and unnecessary.

On July 9, 1992, the court ruled on the motions for reconsideration, affirming its previous order but clarifying that, indeed, plaintiff had argued that defendant's attorney fees were excessive and unnecessary.

On appeal, plaintiff asks that we reverse the order of the trial court denying apportionment of her attorney fees, that we order that two-ninths of her attorney fees be apportioned to defendant and that at least two-ninths of the costs incurred in the circuit and appellate courts be apportioned to defendant, and that the judgment of the trial court apportioning defendant's attorney fees to plaintiff be reversed.

■ We address first the issue of whether the trial court erred in denying apportionment of plaintiff's attorney fees. The statute provides that when the rights and interests of all the parties in interest are properly set forth in the complaint and where the defendant does not interpose a good and substantial defense to the complaint, the court shall apportion the costs among the parties in interest in the action, including a reasonable fee for plaintiff's attorney. We agree with the trial court that plaintiff was not entitled to apportionment of her attorney fees for two reasons: her complaint did not properly set forth the rights and interests of all the parties in interest in that it failed to set forth defendant's right to reconveyance of the interest in the premises which she had previously conveyed to plaintiff, and defendant interposed a good and substantial defense to the partition action by setting up her claim to an additional interest by virtue of plaintiff's promise to reconvey.

While plaintiff's complaint sets forth the record owners of the property to be partitioned and the manner in which they acquired their interests, it does not set forth the amount of their respective undivided interests, nor does it set forth the promise by plaintiff to reconvey a portion of the premises to defendant and defendant's substantial reliance to her detriment thereon. Thus, plaintiff's complaint does not properly set forth all of defendant's rights and interest in and to the real estate in question. As we have stated, the statutory

authorization for an award of attorney fees is based on the premise that plaintiff's attorney acts for all interested parties. It is essential that the conduct of the attorney for the party seeking partition be fair and impartial to all the parties in interest. (*Harrison v. Kamp* (1949), 403 Ill. 542, 547, 87 N.E.2d 631, 634.) Here, plaintiff did not fairly and honestly represent the interests of all the parties sought to be partitioned, and the complaint did not properly set forth all of defendant's interest in the real estate. Where it is necessary for defendant to employ counsel to protect her interest in the property, as here, where plaintiff failed to set forth defendant's right to reconveyance of a portion of the premises, apportionment of plaintiff's attorney fees is not appropriate.

Furthermore, defendant interposed a good and substantial defense to the complaint. The complaint failed to allege defendant's right to reconveyance. Defendant was thereby forced to defend against plaintiff's complaint by properly setting forth her additional interest in the premises by virtue of plaintiff's promise to reconvey. It is error to apportion plaintiff's attorney fees where the suit is strongly contested and defendant has in good faith advanced reasonable and substantial grounds on which she defended. (*Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 53, 196 N.E.2d 714, 716.) The adversary nature of this proceeding is apparent from the record.

Plaintiff does not argue that defendant's defense was not made in good faith. Plaintiff does argue, however, that the defense is not substantial in that it raises a collateral issue which is not directly involved in the partition suit. Plaintiff argues that when only a collateral issue is raised by defendant, it will not prevent apportionment of plaintiff's attorney fees to the other parties in a partition suit.

In *Bailey v. Bailey* (1986), 150 Ill. App. 3d 81, 501 N.E.2d 391, the court discussed the difference between a substantial defense and a collateral issue. In that case, the court held that where a will contest did not affect title to the property subject to partition, it was not a substantial defense to the partition action but constituted a collateral issue. It was possible to divide the disputed properties without resolution of the will contest. However, a will construction action, although in one sense a collateral issue, also constituted a substantial defense to the partition action. The parties' proffered constructions directly influenced and could have changed the proposed quantity of land to be taken by each individual party. The court held that the will construction was, therefore, by definition a substantial defense. The court further held that the presentation of this substantial defense to the partition action precluded an award of attorney fees to plaintiff.

In the instant action, the issue of plaintiff's promise to reconvey to defendant a portion of the premises to be partitioned is a substantial defense to the partition action. It is not possible to divide the property without resolution of the issue of plaintiff's promise to reconvey. Resolution of the issue of plaintiff's promise to reconvey does affect title to the property subject to partition. It directly influences and could change the proposed quantity of land to be taken by each of the parties. It is, therefore, by definition a substantial defense to the partition action precluding an award of attorney fees to plaintiff.

This is not such a case as *Kunart v. Deal* (1955), 5 Ill. App. 2d 142, 124 N.E.2d 591, where it could be said that, with the exception of the answer and the order denying apportionment of plaintiff's attorney fees, every other matter in connection with the partition action was prepared and done by plaintiff's attorney. Instead, unlike *Kunart*, in this case the original complaint did not correctly and properly set forth the interests of the various parties in interest, and there was a controversy that required a substantial defense on the part of defendant. The trial court did not err in denying plaintiff's request for apportionment of her attorney fees.

■ We now turn to the question of whether the trial court erred in apportioning defendant's attorney fees to plaintiff. Again, we find that the trial court properly apportioned defendant's attorney fees for two reasons: the defendant was the first party to properly set forth the rights and interests of the parties in the property, and section 17—125 provides that the party making a substantial defense to a complaint for partition shall recover her costs against the plaintiff according to justice and equity.

It has been held that, under section 17—125, attorney fees may be awarded to the party whose attorney first sets forth the rights and interests of all the parties. (*Herrman v. Golden* (1981), 93 Ill. App. 3d 937, 940, 418 N.E.2d 187, 191.) This applies to a counterclaimant even though the partition statute makes no mention of a counterclaimant. In *Jackson v. O'Connell* (1964), 46 Ill. App. 2d 49, 52, 196 N.E.2d 714, 716, the court held that the statute allows the successful party to petition the court to have his attorney fees apportioned, whether that successful party is the plaintiff, the defendant, or a counterclaimant. Thus, it is not necessary to be the original plaintiff in order to have one's attorney fees apportioned. The court held in *Jackson* that upon satisfying the requirements of section 17—125 it is possible for the attorney of a counterclaimant to have his fees apportioned.

We have already found that plaintiff's complaint did not properly set forth the rights and interests of the parties in the property to be partitioned but that defendant's counterclaim did. Defendant was entitled to apportionment of her attorney fees for being the first party to properly set forth the rights and interests of the parties in the property to be partitioned.

■ Plaintiff argues for the first time in her reply brief that she interposed a good and substantial defense to defendant's counterclaim in that she denied the existence of an oral agreement to reconvey and that, therefore, defendant is not entitled to apportionment of her attorney fees even if she was the first party to properly set forth the rights and interests of the parties. Plaintiff did not raise this issue before the trial court, nor did she raise it in her opening brief on appeal. It is well settled that questions not raised in the trial court are waived and may not be raised for the first time on appeal. Furthermore, points not raised in an appellant's initial brief are waived and may not be raised in the reply brief. (*In re Liquidations of Reserve Insurance Co.* (1988), 122 Ill. 2d 555, 568, 524 N.E.2d 538, 543-44.) To allow plaintiff to make this argument for the first time in her reply brief, without giving defendant an opportunity to respond thereto, would be manifestly unfair. Accordingly, we decline to address plaintiff's argument that she presented a good and substantial defense to defendant's counterclaim, precluding an award of attorney fees to defendant.

■ Defendant is also entitled to apportionment of her attorney fees because, as we have already found, she presented a good and substantial defense to the partition action. Section 17—125 provides that a party making such a substantial defense shall recover his or her costs against the plaintiff according to justice and equity. (Ill. Rev. Stat. 1989, ch. 110, par. 17—125.) The allowance of attorney fees as apportioned costs is largely a matter resting in the discretion of the trial court. (*Lane v. Budiselich* (1974), 17 Ill. App. 3d 914, 917, 308 N.E.2d 811, 813.) Section 17—125 authorizes an award of attorney fees to defendant where a substantial defense is raised to the plaintiff's complaint. We cannot state that the apportionment of attorney fees to defendant in this case is contrary to justice and equity. Defendant carried the burden of proof on the issue of plaintiff's promise to reconvey a portion of the premises and prevailed thereon. We find no abuse of discretion in the trial court's award of attorney fees to defendant.

■ Finally, we turn to the question of the necessity and excessiveness of defendant's attorney fees. The fixing of attorney fees and

the allowance of those fees as apportioned costs are largely matters resting in the discretion of the trial court. (*Lane v. Budiselich* (1974), 17 Ill. App. 3d 914, 917, 308 N.E.2d 811, 813.) In the instant case, defendant's attorney submitted extremely detailed itemized bills for his services. It appears that defendant's attorney keeps very detailed time records, recording even five minutes spent on the case. However, none of the time spent appears to us to be clearly unnecessary. These bills also reflect time spent on matters collateral, but related, to the partition action. The trial court found that 60% of the time spent was spent on these collateral issues. This finding is not contrary to the manifest weight of the evidence, and we note that time spent on these collateral issues did contribute to the high fees. However, high fees are not necessarily excessive fees. This case was commenced in 1986 and concluded in 1992. It involved numerous issues relating to the administration of the deceased parents' estates, improvements to the realty, valuation of the realty and improvements thereon, and the oral promise to reconvey. Defendant's attorney also made several unsuccessful settlement attempts.

Finally, we note that the trial court, in its order for attorney fees, noted that while defendant's attorney fees appear excessive, the possible loss by defendant of her home may have warranted the extensive litigation. Thus, the trial court considered the issue of the excessiveness of defendant's attorney fees and determined that they were not excessive. We agree that the attorney fees are high. However, we cannot say that the trial court abused its discretion in approving them, nor is there any basis for finding that the order of the trial court was contrary to the manifest weight of the evidence.

For the foregoing reasons, we affirm the judgment of the circuit court of Bond County.

Affirmed.

CHAPMAN, P.J., and LEWIS, J., concur.