NOTICE

Decision filed 02/14/11. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-10-0128

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| CHARLES G. BARGMAN, NORMA J. BAUGHMAN, ELLA MAE WILSON, as Trustee of the Ella Mae Wilson Living Trust, and WILLARD D. WILSON, | ) ) ) ) ) | Appeal from the Circuit Court of Randolph County. |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| JOHN F. BARGMAN, | ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 07-CH-42 |
| MARLIN RAY WILSON and TERESA WILSON, | ) ) ) | Honorable Dennis B. Doyle, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE WEXSTTEN delivered the judgment of the court, with opinion.
Justices Goldenhersh and Donovan concurred in the judgment and opinion.

**O P I N I O N**

This action is one for the partition of land owned by the plaintiffs–John F. Bargman, Charles G. Bargman, Norma J. Baughman, Ella Mae Wilson, as the trustee of the Ella Mae Wilson Living Trust, and Willard D. Wilson, and the defendants–Marlin Ray Wilson and Teresa Wilson. The parties do not dispute the partition of the land but only the award of attorney fees pursuant to section 17-125 of the Code of Civil Procedure (the Code) (735 ILCS 5/17-125 (West 2006)). We affirm.

FACTS

On June 25, 2007, the plaintiffs, through their attorneys, Arbeiter & Walker (attorney

1

Arbeiter), filed a complaint for the partition of real estate that they owned as tenants in common with the defendants. Marlin was in possession of the tillable farmland on the real estate pursuant to an oral annual farm lease. On October 9, 2007, the plaintiffs filed a motion for a summary judgment.

On November 21, 2007, attorney Arbeiter filed a motion to withdraw as John's attorney of record, and the circuit court granted attorney Arbeiter's motion on December 4, 2007. On December 10, 2007, Otto J. Faulbaum (attorney Faulbaum) entered his appearance as John's attorney.

On February 26, 2008, the circuit court granted the plaintiffs' motion for a summary judgment and entered an order for a partition. In the order for the partition, the court noted that all the parties had been duly joined and were properly before the court. On April 4, 2008, the circuit court appointed a commissioner to fairly and impartially partition the premises, and on June 12, 2008, the commissioner filed his report.

On September 9, 2008, John, through attorney Faulbaum, filed a motion for a sale by a licensed auctioneer, a motion to sever the mineral rights, and a motion to adjudicate the farm tenancy rights. On October 23, 2008, the other four plaintiffs, through attorney Arbeiter, filed a motion to adjudicate the farm tenancy rights.

On March 11, 2009, the circuit court denied John's motion for a sale by a licensed auctioneer but ordered that the oil and gas interests in the real estate were considered severed from the fee title and were not subject to a sale or partition in the action. The circuit court ordered that Marlin's farm tenancy would terminate immediately upon the harvest. The circuit court further ordered a public sale of the property. On May 4, 2009, the sheriff of Randolph County filed a report of sale, representing that Marlin and Teresa had purchased the property.

On May 5, 2009, Charles, Norma, Ella Mae, and Willard, through attorney Arbeiter,

2

filed a petition for an apportionment of attorney fees and costs. Attorney Arbeiter attached his itemization of legal services, demonstrating he had expended 77.05 hours at $150 an hour, totaling $11,557.50, in addition to an itemization of court costs totaling $960.

On May 6, 2009, John, through attorney Faulbaum, filed a petition for an apportionment of attorney fees and attached an itemization of attorney fees, demonstrating that attorney Faulbaum had expended 70.22 hours at $200 an hour, totaling $14,044 in legal services, in addition to $30.85 in additional costs. In an amended petition for an apportionment of attorney fees and costs, John valued attorney Faulbaum's legal services at $17,614 and additional costs at $30.85.

On June 1, 2009, the defendants' attorneys, Neubauer and AuBuchon, filed a petition for an apportionment of attorney fees. Neubauer and AuBuchon attached to its petition an itemization of expenses and costs, the value of which was $13,425.

After a hearing, in an order entered on June 4, 2009, the circuit court denied the requests for an apportionment of the fees and costs of attorneys Faulbaum and Neubauer. The court determined as follows: "[N]either John *** nor Marlin *** and Teresa *** interposed any good and substantial defense to the allegations and request for relief in the partition action; therefore, only the attorney's fees of [attorney] Arbeiter in the amount of $11,557.50 and the costs he incurred in the amount of $960.60 *** shall be allowed."

On June 16, 2009, John, through attorney Faulbaum, filed a motion to reconsider, attaching an affidavit executed by attorney Arbeiter. In his affidavit, attorney Arbeiter stated that since attorney Faulbaum had entered his appearance in December 2007, he had worked closely with him in addressing many legal issues integral to the litigation and had coordinated with attorney Faulbaum all the activities on behalf of the other four plaintiffs. Attorney Arbeiter stated that on many occasions, attorney Faulbaum took the lead in preparing pleadings or other documents necessary to advance the partition action. Attorney

Arbeiter stated that at the outset of the representation, he and attorney Faulbaum had determined that their clients' objectives were fully aligned and that their respective legal work would mutually benefit the clients. Attorney Arbeiter stated that he had reviewed pleadings and documents that attorney Faulbaum had prepared and that he had determined that, in almost every instance, his work properly asserted the identical position of all the plaintiffs and, therefore, the work stood for all the plaintiffs. Attorney Arbeiter stated that had attorney Faulbaum not taken the lead and provided those services, his own charges for professional services would have been significantly greater.

On February 16, 2010, the circuit court denied John's motion to reconsider. On March 16, 2010, John filed a timely notice of appeal.

ANALYSIS

John argues that because he was joined with the other plaintiffs when the petition was filed and because his attorney, along with the other plaintiffs' attorney, acted for the benefit of all the parties in the partition action, the circuit court improperly denied his request to apportion the fees flowing from his attorney's representation to all the parties pursuant to section 17-125 of the Code (735 ILCS 5/17-125 (West 2006)).

In a partition action, the defendants, as well as the plaintiffs, benefit from the division of the property. *Bailey v. Bailey*, 150 Ill. App. 3d 81, 88 (1986). Accordingly, Illinois authorizes, pursuant to statute, an award of attorney fees based upon the premise that the plaintiffs' attorney acts for all the parties having an interest in the property subject to partition. *Clayton v. Bradford National Bank*, 250 Ill. App. 3d 775, 777 (1993); *Lane v. Budiselich*, 17 Ill. App. 3d 914, 916 (1974).

Specifically, section 17-125 of the Code provides as follows:

"In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion

4

the costs among the parties in interest in the action, including the necessary expense of procuring such evidence of title to the real estate as is usual and customary for making sales of real estate, and a reasonable fee for plaintiff's attorney, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some of them, interpose a good and substantial defense to the complaint. In such case the party or parties making such substantial defense shall recover their costs against the plaintiff according to justice and equity." 735 ILCS 5/17-125 (West 2006).

Attorney fees may be awarded to the party whose attorney first sets forth the rights and interests of all the parties. *Cf. Clayton*, 250 Ill. App. 3d at 783 (the counterplaintiff was entitled to an apportionment of attorney fees for being the first party to properly set forth the rights and interests of the parties in the property to be partitioned); see also *Herrman v. Golden*, 93 Ill. App. 3d 937, 939-40 (1981). To establish a right to an apportionment of attorney fees, the "plaintiff owes defendant a duty to establish the right to partition, to join all necessary parties as defendants, and to set forth the interests of all parties properly." *Clayton*, 250 Ill. App. 3d at 777.

Where the complaint fairly and honestly represents the interests of all the parties and those interests are properly set forth, there is no necessity for the defendant to employ counsel to protect his interest in the land, although he may elect to do so and pay his own counsel. *Bailey*, 150 Ill. App. 3d at 88; *Lane*, 17 Ill. App. 3d at 916. "The existence of personal animosity or other differences as between the parties and difficulties with reference to the appointment of a receiver or an accounting or other collateral issues does not translate to an adversary proceeding." *Lane*, 17 Ill. App. 3d at 916-17. Where it is not necessary for the defendants, or any of them, to employ additional counsel to protect their interests in the land, an award of the plaintiff's attorney fees is appropriate. See *Clayton*, 250 Ill. App. 3d at 777.

"When the rights and interests of all parties in interest are not properly set forth in the complaint or where defendants interpose a good and substantial defense to the complaint, thereby necessitating their employment of counsel, apportionment of plaintiff's attorney fees is not appropriate." *Clayton*, 250 Ill. App. 3d at 777. "Where defendants interpose a substantial defense in good faith, it is sufficient to preclude apportionment of plaintiff's attorney fees, even if that defense is not sustained in either the trial court or the reviewing court." *Clayton*, 250 Ill. App. 3d at 777. "The allowance of attorney fees as apportioned costs is largely a matter resting in the discretion of the trial court." *Clayton*, 250 Ill. App. 3d at 784.

In the present case, the parties do not dispute that the circuit court properly awarded fees to attorney Arbeiter, the plaintiffs' attorney who filed the complaint for the partition, accurately and sufficiently establishing the right to a partition, joining all the necessary parties and setting forth the parties' rights and interests in the action, and who fairly and honestly represented the interests of all the parties seeking the partition. See *Clayton*, 250 Ill. App. 3d at 777; *Bailey*, 150 Ill. App. 3d at 88; *Herrman*, 93 Ill. App. 3d at 940. The award of attorney Arbeiter's fees was appropriate because it was unnecessary for the defendants to employ counsel to protect their interests in the land. *Cf. Clayton*, 250 Ill. App. 3d at 782 (because the plaintiff failed to set forth the defendant's right to the reconveyance of a portion of the premises, it was necessary for the defendant to employ counsel, and an apportionment of the plaintiff's attorney fees was not appropriate).

Attorney Arbeiter filed the petition for the partition and a motion for a summary judgment before he filed a motion to withdraw as John's attorney. When attorney Arbeiter withdrew as John's counsel, John's posture became similar to that of the defendants', *i.e.*, attorney Arbeiter, as the plaintiffs' attorney, acted for John, who remained a party having an interest in the property subject to partition. See *Clayton*, 250 Ill. App. 3d at 777; *Lane*, 17

6

Ill. App. 3d at 916 (the plaintiff's attorney acts for all the parties having interest in the property subject to a partition). After John secured attorney Faulbaum as counsel, he did not file any pleadings prior to the circuit court's decision to grant a summary judgment on the partition action. Although John was certainly within his rights to employ additional counsel, his decision to do so would not have justified a refusal by the circuit court to apportion attorney Arbeiter's fees. See *Lane*, 17 Ill. App. 3d at 916. Nor would his decision alone have justified the apportionment of the fees of attorney Faulbaum, whom John at no time asserted any necessary basis for his decision to retain. Indeed, attorney Arbeiter stated in his affidavit that at the outset of attorney Faulbaum's representation of John, he and attorney Faulbaum determined that their clients' objectives were fully aligned, and John acknowledges that the defendants admitted the allegations of the complaint and did not interpose a defense to the partition action. Because it was unnecessary for John to employ additional counsel to protect his interests in the partition action (see *Clayton*, 250 Ill. App. 3d at 777), we cannot say that the circuit court's decision to deny John's request to apportion the fees of his retained counsel was an abuse of discretion. See *Clayton*, 250 Ill. App. 3d at 784.

In sum, where the plaintiffs' attorney files a petition for a partition properly setting forth the rights and interests of the parties and fairly and honestly represents the interests of all the parties, there is no necessity for the defendants or for one of the plaintiffs to subsequently employ separate counsel. If, notwithstanding the lack of a necessity for it, the defendants, or a plaintiff, should decide to employ separate counsel, we see no hardship in the requirement that they pay the counsel so employed by them, in addition to their proportion of the fee of the attorney who filed the sufficient petition for a partition and fairly and honestly represented the interests of all the parties seeking the partition.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Randolph

7

County.

Affirmed.

NO. 5-10-0128

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| CHARLES G. BARGMAN, NORMA J. BAUGHMAN, ELLA MAE WILSON, as Trustee of the Ella Mae Wilson Living Trust, and WILLARD D. WILSON, | ) ) ) ) | Appeal from the Circuit Court of Randolph County. |
| Plaintiffs, | ) ) ) | |
| and | ) ) | |
| JOHN F. BARGMAN, | ) ) | |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 07-CH-42 |
| MARLIN RAY WILSON and TERESA WILSON, | ) ) ) ) ) | Honorable Dennis B. Doyle, |
| Defendants-Appellees. | ) | Judge, presiding. |

**Opinion Filed**: February 14, 2011

| | |
|---|---|
| **Justices**: | Honorable James M. Wexstten, J. |
| | Honorable Richard P. Goldenhersh, J., and Honorable James K. Donovan, J., Concur |

| | |
|---|---|
| **Attorney for Appellant** | Richard W. Thompson, 120 West Main Street, Suite 116, Belleville, IL 62220-0380 |

| | |
|---|---|
| **Attorney for Appellees** | Julie Keehner Katz, Cannady & Katz, P.C., 1931 West Main Street, Belleville, IL 62226 |