NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200439-U

NO. 4-20-0439

IN THE APPELLATE COURT

FILED
April 5, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JOHN AABERG, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JAMES AABERG, JEFFREY AABERG, and BUSEY | ) | No. 16CH159 |
| BANK, Successor to Main Street Bank and Trust, | ) | |
| Defendants | ) | Honorable |
| (James Aaberg, Defendant-Appellant). | ) | Rebecca S. Foley, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's judgment awarding attorney fees.

¶ 2    In August 2016, plaintiff, John Aaberg, a beneficiary of a land trust that held a leasehold estate in land owned by the City of Bloomington, Illinois, filed a complaint seeking a declaration that a provision of the land trust violated the rule against perpetuities. The trial court agreed and entered an order declaring that John and defendant, James Aaberg (John's brother and the other trust beneficiary), owned the leasehold estate as tenants in common. John then filed an amended complaint requesting a partition and sale of the leasehold estate. The court subsequently entered judgment in favor of John and ordered that the property be sold.

¶ 3    James appealed, and this court concluded that the savings provision of the Statute Concerning Perpetuities (Statute) (765 ILCS 305/5(a)(A) (West 2016)) permitted the land trust to

remain active. *Aaberg v. Aaberg*, 2020 IL App (4th) 190382-U, ¶ 51. Accordingly, we reversed the trial court's order granting partition. *Id.* ¶ 57.

¶ 4    On remand, James filed a petition for attorney fees. See 735 ILCS 5/17-125 (West 2018). In September 2020, after conducting an evidentiary hearing, the trial court entered a written order awarding James $13,605 of attorney fees.

¶ 5    James appeals, arguing the trial court abused its discretion by denying his petition for attorney fees in part. We disagree and affirm.

¶ 6                            I. BACKGROUND

¶ 7    This history of this case is set out more fully in our prior decision. *Aaberg*, 2020 IL App (4th) 190382-U, ¶¶ 6-32. We set forth only the information necessary for resolution of this appeal.

¶ 8    In August 2016, John filed a complaint seeking a declaration that (1) the written instrument purporting to create the land trust violated the rule against perpetuities and (2) John and James owned undivided interests in the leasehold estate as tenants in common. In November 2016, James filed a counterclaim seeking contribution for improvements made on the property. In July 2017, the trial court granted John's motion for judgment on the pleadings.

¶ 9    In August 2017, the trial court granted John's motion to add a claim for partition and sale of the leasehold estate. John alleged the court's July 2017 order terminated the land trust and resulted in John's owning a one-third interest in the leasehold estate and James owning a two-thirds interest. As a cotenant of the leasehold estate, John alleged that he had an absolute right to its partition.

¶ 10    In September 2017, James filed a motion to dismiss the partition claim, arguing that (1) the trial court's order did not terminate the land trust and (2) the Statute (765 ILCS 305/1

- 2 -

to 6 (West 2016)) saved the trust by providing that a trust containing a provision that would violate the rule against perpetuities is not deemed void *ab initio* but, instead, is terminated by operation of law at the conclusion of the perpetuities period.

¶ 11        In October 2017, James's counsel, George Wood, was permitted to withdraw, and Jack Vieley entered his appearance on behalf of James. In January 2018, James filed an answer and affirmative defenses, most of which were consistent with his motion to dismiss.

¶ 12        In July 2018, John filed a motion for entry of judgment of partition. In November 2018, the trial court conducted a hearing on John's motion. Although James argued the court erred by terminating the land trust, the court declined to revisit its ruling. Ultimately, the court granted John's motion, finding he "ha[d] the ability to proceed on [the partition] as a matter of right."

¶ 13        Following resolution of James's counterclaim, the trial court entered a written order on the partition claim in June 2019 in which it (1) ordered the partition and sale of the leasehold estate and (2) made a Rule 304(a) finding.  Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 14                                B. The Prior Appeal

¶ 15        James appealed, arguing in relevant part that the trial court erred by (1) declaring the land trust violated the rule against perpetuities, (2) ordering the partition and sale of the leasehold estate, and (3) denying James leave to amend his counterclaim.

¶ 16        This court agreed with James that "section 5 of the Statute 'provides that a trust containing a provision that would violate the rule against perpetuities' is not 'rendered void *ab initio*, but is merely terminated by operation of law at the conclusion of the perpetuities period.' *In re Estate of Feinberg*, 235 Ill. 2d [256,] 268 [(2009)]. *** Therefore, the Trust Agreement remains active ***." *Aaberg*, 2020 IL App (4th) 190382-U, ¶ 51. We concluded that

- 3 -

because the trust agreement remained active, John and James had no interest in the land itself and the trial court erred by ordering the partition and sale. *Id.* ¶ 57. We affirmed the trial court's denial of James's leave to file an amended counterclaim. *Id.* ¶ 68.

¶ 17                                    C. The Proceedings on Remand

¶ 18            On remand, James filed a petition for attorney fees pursuant to section 17-125 of the Code of Civil Procedure (Code). 735 ILCS 5/17-125 (West 2018). In support, James attached Wood's billing statements and Vieley's billing statements from the trial and from the appeal. John filed a response in which he argued that James was improperly seeking to recover all of his attorney fees instead of those relating to partition. John further argued that the request should be denied because the "block billing" made it impossible to determine how much time was spent on the partition action, any fees from before the filing of the partition claim should be denied, and any fees relating to the counterclaim should be denied.

¶ 19            In August 2020, the trial court conducted a hearing on James's petition. Vieley testified and acknowledged that (1) many of his bills did not attempt to distinguish how much time was spent on each separate topic and (2) one-third of the fees should be considered as pertaining to the counterclaim and were not recoverable. Vieley argued that the court should award at least two-thirds of the total amount sought.

¶ 20            In September 2020, the trial court issued a written order in which it found that (1) James could recover only for the partition action and (2) the rule against perpetuities was a collateral matter decided prior to the filing of the partition claim. The court denied Wood's fees because the "bills do not include an hourly rate, or the amount of time billed for any task," and as a result, "the court cannot determine the amount of time, or the fee, generated as [a] result of any services related to the partition." Regarding Vieley's trial court fees, the court noted that the fees

were not specifically defined. The court selected those it concluded were related to the partition action, listing them by entry number from Vieley's billing statements, and stated it found the remaining entries "were either generated prior to the filing of the partition action or vague." The trial court did the same for Vieley's appellate fees, concluding "[t]he entries are block billed and, in most instances, fail to allocate the time performed on partition issues." The court exercised its discretion to reduce the amount of some entries "to one-quarter of the time billed to reflect a reasonable fee for partition-related work." The court granted $13,605 to James.

¶ 21      This appeal followed.

¶ 22      II. ANALYSIS

¶ 23      James appeals, arguing the trial court abused its discretion by denying in part his petition for attorney fees. We disagree and affirm.

¶ 24      A. The Applicable Law and Standard of Review

¶ 25      Section 17-125 of the Code provides as follows:

"In all proceedings for the partition of real estate, *** the court shall apportion the costs among the parties *** including *** a reasonable fee for plaintiff's attorney *** unless the defendants *** interpose a good and substantial defense to the complaint. In such case the party or parties making such substantial defense shall recover their costs against the plaintiff according to justice and equity." 735 ILCS 5/17-125 (West 2018).

¶ 26      "[T]he statute allows the successful party to petition the court to have his attorney fees apportioned, whether that successful party is the plaintiff, the defendant, or a counterclaimant." *Clayton v. Bradford National Bank*, 250 Ill. App. 3d 775, 783, 620 N.E.2d 643, 649 (1993). Issues collateral to a partition action may be excluded from a fee award, but the

"mere fact that collateral matters are addressed in a partition action does not preclude an apportionment of fees." *Bailey v. Bailey*, 150 Ill. App. 3d 81, 89, 501 N.E.2d 391, 398 (1986). "The fixing of attorney fees and the allowance of those fees as apportioned costs are largely matters residing in the discretion of the trial court." *Clayton*, 250 Ill. App. 3d at 784-85. A trial court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable such that no reasonable person would take the view of the trial court. *Cantrall v. Bergner*, 2016 IL App (4th) 150984, ¶ 22, 78 N.E.3d 959.

¶ 27                                B. This Case

¶ 28        James argues that the trial court erred by rejecting any of his claims for attorney fees that were premised on the rule against perpetuities. James contends that because the two cases went "hand in hand," all the work was necessarily a part of the partition action.

¶ 29        As an initial matter, we conclude that the trial court correctly determined that Wood's fees relating to the declaratory judgment suit were not subject to apportionment pursuant to section 17-125. Had James prevailed in that suit, he could not have filed a claim for apportionment of fees under section 17-125 because John did not file a partition action. Further, although John did file a partition suit after the court declared the trust violated the rule against perpetuities, he was not required to do so. Because partition was not a necessary outcome of the first suit, the resulting fees were not subject to apportionment.

¶ 30        To the extent Vieley sought fees on appeal for the work on the rule against perpetuities, we agree that those fees were *eligible* for apportionment but disagree that the trial court abused its discretion by declining to apportion those fees. In the prior appeal, this court concluded that because the trust was saved by the Statute, the trial court's ordering partition was reversible error. Another court could have agreed with James's arguments that the two issues

- 6 -

were so tied together that he was entitled to fees for both issues. However, we will not substitute our judgment for that of the trial court.

¶ 31    Nothing suggests that the trial court acted arbitrarily. Indeed, the trial court could have reasoned that because John had advanced claims that the court initially agreed with, "justice and equity" required a fee award that reflected the potentially meritorious nature of the rule against perpetuities claims.

¶ 32    Moreover, the trial court explained that the primary reason it was rejecting the majority of Vieley's claims was because he failed to prove them. Vieley's bills relating to the appeal were mostly in the form of "block billing," a large amount of time spent working on a general matter (*e.g.*, eight hours for research and drafting appellate brief). The entries apportioned by the trial court all clearly related directly to issues necessary to reversing the partition order. The trial court also awarded partial apportionment of fees that appeared to relate, in part, to the partition claim, a practice the Fifth District has approved of in an earlier partition action. See generally *Clayton v. Bradford National Bank*, 250 Ill. App. 3d 775, 620 N.E.2d 643 (1993). Accordingly, we conclude that the trial court did not abuse its discretion.

¶ 33                          III. CONCLUSION

¶ 34    For the reasons stated, we affirm the trial court's judgment.

¶ 35    Affirmed.